Eric Brent Bryson, Esquire, E. Brent Bryson, Ltd., Las Vegas, NV, Stephen R. Glazer, The Glazer Law Office PPLC, Flagstaff, AZ, for Plaintiffs–Appellants.

John T. Masterson, Esquire, Eileen Dennis Gilbride, Esquire, Joseph J. Popolizio, Esquire, Christina Retts, Esquire, Jones Skelton & Hochuli, PLC, Phoenix, AZ, for Defendants–Appellees.

Before: O'SCANNLAIN, RAWLINSON and BEA, Circuit Judges.

## MEMORANDUM *

This appeal concerns the fatal shooting of Heath Jensen (Jensen) by Officer Chee Yazzie Burnsides of the City of Williams Police Department. Appellants Roger and Sandy Jensen, Jensen's parents, challenge the district court's grant of summary judgment in favor of Officer Burnsides, the City of Williams Police Department, and the City of Williams on their excessive force and municipal liability claims.

The district court properly granted summary judgment in favor of Officer Burnsides because Appellants failed to raise a material factual dispute regarding whether Officer Burnsides' shooting of Jensen was objectively reasonable. The undisputed facts reflect that Jensen violently attacked Officer Burnsides. Because Officer Burnsides' response to Jensen's attack was objectively reasonable, there was no constitutional violation. *See Long v. City & County of Honolulu,* 511 F.3d 901, 905 (9th Cir.2007) ("In a Fourth Amendment excessive force case, defendants can still win on summary judgment if the district court concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances.") (citation and internal quotation marks omitted); *see also Billington v. Smith,* 292 F.3d 1177, 1185 (9th Cir.2002).

Because Officer Burnsides did not violate Jensen's constitutional rights, the district court properly granted summary judgment in favor of the City of Williams Police Department and the City of Williams on Appellants' municipal liability claims. *See Long,* 511 F.3d at 907 ("If no constitutional violation occurred, the municipality cannot be held liable and whether the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.") (citation and internal quotation marks omitted).

**AFFIRMED.**

UNITED STATES of America, Plaintiff–Appellee,

v.

James Michael JERRA, a/k/a James Michael Porter, Defendant–Appellant.

No. 07–50461.

United States Court of Appeals, Ninth Circuit.

---

* This disposition is not appropriate for publication and is not precedent except as provided

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Michael J. Raphael, Esquire, Assistant U.S., Darwin Thomas, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Kenneth M. Stern, Esquire, Law Offices of Kenneth M. Stern, Woodland Hills, CA, for Defendant–Appellant.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

James Michael Jerra appeals from his jury-trial conviction and 30–month sentence for subscribing to false tax returns, in violation of 26 U.S.C. § 7206(1).

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Jerra's counsel has filed a brief stating there are no grounds for relief, along with a motion to withdraw as counsel of record. A pro se supplemental brief and an answering brief have been filed.

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 80–81, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief on direct appeal.

by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Accordingly, counsel's motion to withdraw is **GRANTED,** and the district court's judgment is **AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.